IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SKIP PETTRY and
ELIZABETH PETTRY,

            Plaintiffs,

v.                                          CIVIL ACTION NO.  5:07-cv-00516

LA-Z-BOY, INCORPORATED, and
BIG SANDY FURNITURE, INC., and
WARMKRAFT, INC.,

            Defendants,

and

WARMKRAFT, INC.,

            Third-Party Plaintiff,

v.

ENGLAND, INC.,

            Third-Party Defendant.

**MEMORANDUM OPINION**

Pending before the Court are Defendants' Motions for Summary Judgment [Docket 10 and Docket 16].  Defendants La-Z-Boy, Inc. (La-Z-Boy) and Big Sandy Furniture, Inc. (Big Sandy) initially filed their joint motion on September 17, 2007.  On September 28, 2007, Defendant

Warmkraft, Inc. filed its motion joining in La-Z-Boy and Big Sandy's motion. Plaintiffs failed to file a response to either motion. Accordingly, the motions are ripe for the Court's consideration.[*]

## I. BACKGROUND

On January 11, 2006, Plaintiffs filed a prior action based on the same alleged incident in the Circuit Court of Raleigh County, West Virginia. In their complaint, Plaintiffs alleged that fire damages suffered at their home were caused by a La-Z-Boy recliner. Plaintiffs claimed damages under the theories of product defect, negligent design, breach of implied warranty, and strict liability. Defendants filed a notice of removal to this Court on February 10, 2006. *See Pettry v. La-Z-Boy*, *Inc.*, Case No. 5:06-cv-00103.

Allegedly, some time after the incident, Plaintiffs' insurance company had a fire investigator look into the cause of the fire at Plaintiffs' residence. According to Plaintiffs, the investigator determined that the La-Z-Boy chair was the cause. However, after Defendants served discovery requests upon Plaintiffs, Plaintiffs stated that they were no longer in possession of the chair that allegedly caused the fire because the investigator took it with him. Defendants attempted to locate the chair but were unsuccessful. Therefore, on November 28, 2006, Defendants filed a motion for summary judgment, citing the destruction of evidence and the failure of Plaintiffs to make expert disclosures as the basis for dismissal, and requested that the Court exercise its inherent power to

---

[*] On January 28, 2008, the parties filed an agreed Proposed Order [Docket 28] granting Defendants' motions and dismissing Plaintiffs' claims. In that proposed order, the parties attributed the disappearance of the alleged fire-starting-recliner to Plaintiffs' insurer, Nationwide Mutual Insurance Company (Nationwide). Because Nationwide is not a party to this proceeding, the Court declines to adopt any factual findings with respect to its course of conduct. *See generally Adkins v. K-Mart Corp.*, 511 S.E.2d 840, 847 (W. Va. 1998) (declining "to determine the proper sanction(s) for spoliation of evidence because the party allegedly responsible for destroying the evidence, Nationwide, is not a party to this lawsuit[]"). Therefore, the Court will enter its own order.

sanction Plaintiffs for spoliation. *See Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) ("while the spoliation of evidence may give rise to court imposed sanctions deriving from this inherent power, the acts of spoliation do not themselves give rise in civil cases to substantive claims or defenses"). The day before Plaintiffs' response was due, Plaintiffs requested and Defendants agreed to, a dismissal without prejudice. The dismissal order was entered by this Court on January 17, 2007.

On July 18, 2007, however, Plaintiffs re-filed this action in state court making the same allegations in their Complaint [Docket 1-2] as they did in the previous case. Defendants again removed the case to this Court and reasserted their arguments for summary judgment, which remain unopposed.

## II. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Id*. The nonmoving party must satisfy his burden of proof by offering more than a mere "scintilla of evidence" in support of his position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In the event that a nonmoving party fails to file a response to a motion for summary judgment, the district court should not simply grant the motion as unopposed. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). Rather, the moving party still must show that it is "entitled to a judgment as a matter of law." *Custer*, 12 F.3d at 416 (quoting Fed. R. Civ. P. 56(c)). In other words, "failure to respond . . . does not fulfill the burdens imposed on moving parties by Rule 56." *Id.* "Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Id. See also* Fed. R. Civ. P. 56(e) ("if the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party") (emphasis added).

### III.  DISCUSSION

Defendants argue that Plaintiffs' claims against them should be dismissed because the key piece of evidence in this case, the La-Z-Boy recliner, was destroyed before their experts could inspect it. "When a party destroys, alters or fails to preserve property for use as evidence in reasonably foreseeable litigation such that the judicial process is disrupted, a trial court may use [its inherent power to control the judicial process] to determine an appropriate sanction." *King v. Am. Power Conversion Corp.*, 181 F. App'x 373, 376 (4th Cir. 2006). In this type of case, the Fourth Circuit held that the sanction of dismissal is proper when "either (1) . . . the spoliator's conduct was so egregious as to amount to a forfeiture of his claim, or (2) . . . the effect of the spoliator's conduct was so prejudicial that it substantially denied the defendant the ability to defend the claim." *Silvestri*, 271 F.3d at 593.

Here, there is no evidence that Plaintiffs' conduct was so egregious as to amount to a forfeiture of their claim. Thus, the issue is whether Plaintiffs' conduct was so prejudicial that it substantially denied Defendants the ability to defend against Plaintiffs' claims.

Plaintiffs are not required to have acted in bad faith. *Id.* Rather, all that is necessary is that the effect of their conduct be prejudicial enough that they denied Defendants the ability to defend against the allegations in the Complaint. *Id.* For example, in *King*, the district court found and the Fourth Circuit agreed, that the plaintiffs' conduct warranted dismissal when they failed to ensure that the defendant had knowledge of the whereabouts of the key piece of evidence and the possibility of a claim arising from the evidence's alleged failure before it was destroyed by a third-party. *See* 181 F. App'x at 376-77. There, the court found that dismissal was proper even though the plaintiffs informed the third-party to contact them before destroying the evidence. Similarly, in *Silvestri*, the court found that dismissal was the appropriate sanction where the plaintiff failed to give the defendant notice of his claim and an opportunity to inspect the sole piece of evidence before it was repaired. 271 F.3d at 593.

In this case, there is no dispute that Plaintiffs made no effort to contact Defendants to certify that they received notice of access to the recliner or its possible destruction. Therefore, like the plaintiffs in both *King* and *Silvestri*, Plaintiffs acted with the requisite degree of culpability by not informing Defendants of the circumstances surrounding the recliner prior to its destruction.

Moreover, although it is unclear whether Plaintiffs' failure to preserve the chair was intentional or merely negligent, because the recliner was "the only evidence from which [Defendants] could develop [their] defenses adequately," Defendants suffered irreparable prejudice. *Silvestri*, 271 F.3d at 594. Like the courts held in both *King* and *Silvestri*, without being able to

5

inspect the key piece of physical evidence in this case, Defendants are unable to defend against Plaintiffs' claims. *King*, 181 F. App'x at 378. Plaintiffs do not dispute these arguments. In fact, as evinced by their agreed order of dismissal, they concede Defendants' position. As such, the Court exercises its inherent power to grant summary judgment in Defendants' favor. *Hartford Ins. Co. v. Am. Automatic Sprinkler Sys.*, 23 F. Supp. 2d 623, 626 (D. Md. 1998) ("The spoliation doctrine authorizes a court to order dismissal [or] to grant summary judgment . . . .").

### III. CONCLUSION

For the reasons stated above, Defendants' motions are **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**. The Court will enter a judgment order this day implementing the rulings contained herein.

ENTER: May 8, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE